We have one more case potentially for argument today. Do we have? Okay. Where I believe plaintiffs or appellants counsel is going to appear by telephone and Mr. Whalen you're here in person. That case is listed as number four for the day. U.S. against Anthony Shockey. Appeal number 19-1308. Are we set with Mr. Stevens now? Yes. Mr. Stevens can you hear us? Yes I can your honor. All right. Thank you very much. Our thanks to court staff and to everyone for the flexibility to deal with this situation. Mr. Stevens why don't you go ahead with your argument on behalf of Mr. Shockey. All right. First I should accept responsibility there was a docketing error in my office. We were in the process of moving our office from one fiscal location to the other and I didn't properly supervise the docketing function. So I want to apologize for any inconvenience and thank the court for giving me the opportunity to argue on Mr. Shockey's behalf. Let me start out by saying I think the fundamental question here is whether the district court specifically identified a violation of the criminal law and actually found elements of an offense so that the violation could be properly classified as a grade B violation rather than a grade C violation use of a controlled substance. And I certainly understand the court's holding in the United States versus Trotter case which says that use of a controlled substance will support an inference that the defendant possessed a controlled substance and so if the court finds that element the use evidence will support a finding that that element has been committed and that plugs into a statute or a violation of a particular statute. But we don't have in this case an allegation that there was a particular statute that was violated and we don't have specific findings that Mr. Shockey possessed the controlled substance. Although there's clearly a stipulation there's no question that he stipulated that he flunked the drug tests and that he used the controlled substances as specified in his stipulation. But the difference is in the violation that has an advisory range of 8 to 14 months and the grade B violation has a longer violation. Although the court did vary from the advisory range and sentenced him to 15 months which is one month greater than the the top of the grade C violation range. Mr. Stephens? Yes. Mr. Stephens this is Judge Hamilton. Could I ask you where we are where is Mr. Shockey in those 15 months at this point? When is when is he scheduled to be currently in a halfway house in Fort Wayne and I think that he has two months to go before the completion of the sentence and he is no longer in full custody but is in the halfway house in Fort Wayne. Thank you. Does the court have any additional questions? I don't believe so at the moment so if you want to save any time for rebuttal you may do so and we'll hear from Mr. Whalen. That's what I would like to do. Thank you. And Mr. Whalen thank you for your patience. My pleasure your honors. Thank you for accommodating us. May it please the court Nathaniel Whalen here on behalf the United States of America. Let me start with your question Judge Hamilton. According to the BOP website as of today's estimated release date is February 9th 2020. I don't know Mr. Stephens appears to have a better idea as to where he is right now than I do. That's just what the BOP website says. Okay. Mr. Shockey admitted that he used methamphetamines while on supervised release. He stipulated to that when the probation department tried to revoke his supervised release or file the petition. Under this court's precedent a district court when a defendant admits that they use a controlled substance is allowed to infer possession. That starts with the Trotter case and it has carries on through multiple other cases here in this court's precedent. And as the probation department noted in the petition the summary report on page 5 that's document 70. It is a class it's a felony under Indiana law to possess methamphetamines punishable by more than a year. So the probation department tells the district court that the positive drug screens for methamphetamine clearly supports an inference of drug possession a level 6 felony. The government confirmed at the revocation hearing that that's a felony under Indiana law and the court can infer possession as well. I kind of say I'm a little mystified by some of this Mr. Whalen because what's the point of distinguishing between possession and use? Your honor I think part of it would be just how it's classified under state law. I don't know that use is a felony. It would matter for other drugs? I don't know the answer to that your honor. I know that possession might carry different penalty ranges under different state laws depending on the drugs. Methamphetamine is undisputedly a felony for possession under Indiana law. We cited in our cases in our brief I believe that's for sure a felony under Wisconsin and Illinois law as well because this court has previously found that possession of those qualifies as a class beef supervised release revocation and that's on pages seven and eight of our brief. Wisconsin and Illinois law if that's not what I said. And so here we have a situation where the parties don't dispute or didn't dispute at the time of revocation that Indiana punishes this as a felony. Mr. Shockey didn't make any arguments along the hypotheticals that the court posed in Trotter that maybe you could get a contact high from marijuana or something like that. I don't believe you can get a contact high from methamphetamine use. I've never heard of that. Certainly Mr. Shockey didn't allege that. He also did admit that he used methamphetamines on multiple occasions including multiple times in a single week. Under this court's case law the district court appropriately inferred possession. There was no evidence to dispute possession and the court properly classified it as a class B violation. Unless this court has any questions we would ask that you affirm the sentence of Mr. Shockey. Thank you. No further questions. Thank you Mr. Whelan. Mr. Stevens rebuttal. Yes we are dealing here with a question of what was alleged and what were the actual findings of the district court. And we do not have a specific finding that elements of a criminal statute were violated. That's not part of what Judge Miller did. And what we do have is a specific condition of supervised release which prohibits the use of controlled substances. And it was that use of controlled substances that Mr. Shockey admitted in his stipulation. In other words this is in part a question of what is pled and what were the actual findings of the district court. And while I absolutely concede that the Trotter case holds that when there is a finding of possession evidence of use may support that finding. But what I am saying here on this record we have what amounts to a concession of a grade C violation use rather than an express or explicit finding that Mr. Shockey committed a new crime. And that I think it boils down to that fairly subtle but important distinction. Because the guidelines make the distinction between use and committing a new crime. And so anyway that's what I think I have to say in response to Mr. Whelan's argument. Okay thank you very much Mr. Yes I did. Okay well you have the thanks of the court for the assistance to your client and to the court. Our thanks to the government as well and the cases taken under advisement. Well that concludes the court's calendar for today and the court will be in recess.